UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE ALEXANDER | CIVIL ACTION |
| VERSUS | NO. 05-1855 |
| WAYNE JONES ET AL. | SECTION "S" (2) |

## REPORT AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Tyrone Alexander, was a prisoner incarcerated in the Sherman Walker Correctional Institute in Laplace, Louisiana.[1] He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against St. John Parish Sheriff Wayne Jones and Officer Joe Rosa (identified by plaintiff in his complaint as Sgt. Joe). Plaintiff alleges in his complaint that he was arrested on fabricated charges and subjected to excessive force during his arrest. Plaintiff seeks medical care and injunctive relief. Record Doc. No. 1, Complaint at ¶¶ IV and V.

---

[1] On August 15, 2005, plaintiff advised the court that he has been released from prison. Record Doc. No. 25.



On July 12, 2005, I conducted a telephone conference in this matter. Participating were plaintiff pro se and Fred Schroeder, counsel for defendants. Plaintiff was sworn and testified for all purposes permitted by <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), and its progeny.

## THE RECORD

Alexander testified that he was incarcerated at the time of the conference in the Sherman Walker Correctional Institute in Laplace, Louisiana, on a charge of domestic violence battery for which he was awaiting trial. Plaintiff said he did not know the dates of his scheduled trial or his anticipated release. He testified that he had a previous conviction for distribution of cocaine sometime in the early 1990s for which he had completed a prison sentence of five years.

Alexander confirmed that his claims in this case are that defendants used excessive force against him when he was arrested on April 26, 2005 on a charge of simple battery against Kenyatta Edwards, and that his arrest was based on fabricated charges. Plaintiff stated that a police officer told him he was being arrested for simple battery, but when he got to the jail, "they gave me seven or eight fabricated other charges after they had beat me up and jumped on me . . . ." Plaintiff said these additional charges were brought against him on the day of his arrest and included four counts of aggravated assault and

one count of battery, all against the officers who arrested him. He said Officers Joe Rosa and Samantha Williams of the St. John the Baptist Parish Sheriff's Office were identified in these charges as the victims, and Alexander also identified them as the arresting officers who allegedly beat him. Plaintiff stated that he plead guilty to the charges of one count of battery on a police officer, four counts of aggravated assault on police officers and one count of simple battery against Kenyatta Edwards in May or June of 2005 and was sentenced to time served. Plaintiff said no appeals are currently pending concerning his guilty plea or sentence on any of these charges.

As to his excessive force claim, Alexander alleged that he was beaten by Officers Rosa and Williams on the date of his arrest, April 26, 2005. Plaintiff testified that he was arrested at his home and brought to the jail where he was handcuffed to a chair and shackled. Plaintiff stated that he was instructed by the officers to give them his shirt and property. Alexander said he took off his shirt and threw it into a corner because he could not move due to the shackles on his legs. He said he was then instructed to give the deputies his belt, and as he folded the belt into a circle, one of the deputies "walked over to me from the booking area and he just jumped on me and started banging . . . he slammed me on the floor and I ended up hitting my jaw on the floor. I came down on my face first . . . and I told him, I said 'Man, you're hurting my jaw, man you're hurting

my jaw,' and he had my hand in the back of my back, pushing it up . . . and I said, 'Man, why don't you quit . . . because I'm shackled down, I can't go nowhere' and so Miss Samantha Williams, she came right up under me and sprayed me in the eye with the mace and she kept spraying me, kept spraying me. . . I couldn't even see if it was night or day . . . and that's when . . . the lady said book him with other charges, . . so that's when they give me the four counts of aggravated assault and battery on a police officer after they had jumped on me, . . . I couldn't move because I had shackles on. I told them, 'Man, my jaw feels like it's broke,' I kept complaining, . . . my head and my face was swollen up, I said, 'Man, I need to go to the hospital' . . . . Everything kept swelling pretty rapidly . . . and they took me to Charity Hospital."

Plaintiff testified that he was taken to Charity Hospital on the night of April 26, 2005, and was returned to the jail on the following morning. He stated that his domestic violence arrest for simple battery of Kenyatta Edwards occurred at around 7:00 p.m. at his house on April 26, 2005. Plaintiff said the beating by the two deputies took place at the jail, and he was taken to Charity Hospital later the same night on which he was arrested.

Alexander testified that he initially thought that his jaw had been fractured as a result of the beating. Plaintiff said that he was seen at the jail by Dr. Montague, who x-

rayed his jaw, then referred him to Charity Hospital because Dr. Montague "couldn't get nothing on it." Plaintiff testified that at Charity Hospital he was given a CAT scan and x-rays and his injuries were diagnosed. Plaintiff acknowledged he had recently received a copy of the medical records pertaining to his injuries, but that he was unable to read them.

Alexander testified that when he was brought back to the jail, pictures were taken of him so he could receive an updated identification, but when he went to pick up the identification, "they said 'No, don't give him that,' and they kept it because everyone could see that all my face and everything was swollen up so big . . . ." Plaintiff said he was given an outdated identification instead of a new one.

Plaintiff confirmed that the charges of aggravated assault and battery on police officers to which he plead guilty arose out of the same incident on April 26, 2005 in which plaintiff alleges the sheriff's deputies beat him. He stated that his false arrest claim in this case is that his arrest for aggravated assault and battery on the deputies was fabricated. Plaintiff testified that "when you come here for one charge, you might end up with four or five others, like right now I have four or five others . . . every time I come I get beat up."

Alexander testified that the public defender who represented him in his criminal case "had ordered the film [of the incident] to make them see . . . from the video camera, and they can see I didn't do nothing that they said I done. . . . that film would tell everything."  Plaintiff said he plead guilty to the domestic violence and assault and battery of police officer charges against him in St. John the Baptist Parish 40th Judicial District Court in Laplace, Louisiana, because he has a family and needed to go home. He said he initially went to court before Judge Becnel and later plead guilty before another judge.  Plaintiff said he was allowed to go home after receiving credit for time served.

Alexander testified that if the court could see the film, "you would know that I didn't provoke anybody to do that . . . when I got jumped on by the officers and they gave me those false charges . . . I don't have no reason to lie about this situation, I didn't do these people nothing and they give me the seven charges. . . and almost broke my jaw . . . and beat me up for nothing. . . . and if you see the pictures, . . the mug shots and . . . the picture ID, . . you will see how bad I looked after they had beat me up."

Asked if he had requested that the state court judge in Laplace review the film, plaintiff replied that his attorney "had the paper to bring the film to court, . . but for some reason they didn't come up and show the film . . . ."  Plaintiff said the state court judge

6

said, "'Well, look I'm going to try to get you out of here because you need to try to go to work'... I've got a family out there too and that's the only reason I plead guilty because I didn't want to be in no jail... and that was a fabricated charge the girl put on me on the street..."

Plaintiff identified the St. John the Baptist Parish public defender who represented him in his criminal case as Richard Stricks. Plaintiff said he tried to get his public defender "to bring this thing to the state court, but for some reason or another they refuse to bring stuff like this when you get abused forward to the court... the public defenders, ... they're not representing you to the best of their knowledge and they will not bring whatever happened to you in the jail, ... if you bring it to their attention, they don't do nothing.... Nobody has a fighting chance out here because that's the way St. John Parish is.... They do a lot of things wrong... I'm just trying to let it be known... if you see that film, you're going to know what I'm talking about... and I had to just force myself to cop out to some charges on things I ain't even done...."

## ANALYSIS

I.  STANDARDS OF REVIEW

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994)

7

(quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The purpose of a Spears hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims. Spears, 766 F.2d at 180. "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). Wilson v. Barrientos, 926 F.2d 480, 481 (5th Cir. 1991); Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990). "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists." Spears, 766 F.2d at 182.

The court may make only limited credibility determinations in a <u>Spears</u> hearing, <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997) (citing <u>Cay v. Estelle</u>, 789 F.2d 318, 326-27 (5th Cir. 1986), <u>overruled on other grounds by Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728 (1992)), and may consider and rely upon documents as additional evidence, as long as they are properly identified, authentic and reliable. "The Court should allow proper cross-examination and should require that the parties properly identify and authenticate documents. A defendant may not use medical records to refute a plaintiff's testimony at a <u>Spears</u> hearing." <u>Id.</u> (citing <u>Wilson</u>, 926 F.2d at 482-83; <u>Williams v. Luna</u>, 909 F.2d 121, 124 (5th Cir. 1990)).

After a <u>Spears</u> hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, <u>Jackson v. Vannoy</u>, 49 F.3d 175, 176-77 (5th Cir. 1995); <u>Moore v. Mabus</u>, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible." <u>Id.</u> at 270.

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question

of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed either under 28 U.S.C. § 1915(e), either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) in light of his testimony explaining the factual basis of his claims. Plaintiff's complaint, as amended by his testimony at the Spears hearing, fails as a matter of law to state a claim of violation of his federal constitutional rights under the broadest reading.[2]

## II.    HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS FOR FALSE ARREST AND EXCESSIVE FORCE

Alexander testified that in May or June of 2005 he plead guilty to charges of aggravated assault and battery on police officers and was sentenced to time already served. These criminal charges to which plaintiff pled guilty arose from the very same incident on which he bases his civil claims in this case. Regardless whether Alexander seeks either injunctive relief or damages under Section 1983 for use of excessive force

---

[2] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

during his arrest, or on grounds that he was falsely arrested on these charges, plaintiff's claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).

Alexander's false arrest claim is directly connected to the legality of his guilty plea and conviction as to those same charges, and must be dismissed under the facts alleged by Alexander in this case. While it is true that "a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the

11

arrest," <u>Mackey v. Dickson</u>, 47 F.3d 744, 746 (5th Cir. 1995) (emphasis in original), the circumstances alleged by Alexander require dismissal at this time in this instance.

First, whether an arrest is unconstitutional hinges on the absence of probable cause. <u>Sorenson v. Ferrie</u>, 134 F.3d 325, 328 (5th Cir. 1998) (citation omitted). In <u>Wells v. Bonner</u>, 45 F.3d 90 (5th Cir. 1995), the court held that a Section 1983 claim for false arrest based on lack of probable cause was barred under <u>Heck</u> because a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction on one of the two charges with which he was originally charged, the other charge having been dropped before trial. The court reasoned:

> The claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, we focus on the validity of the arrest. If there was probable cause for any of the charges made--here either disorderly conduct or resisting a search--then the <u>arrest</u> was supported by probable cause, and the claim for false arrest fails. Thus, Wells's proof to establish his false arrest claim, i.e., that there was no probable cause to arrest either for disorderly conduct <u>or</u> for resisting a search, would demonstrate the invalidity of Wells's conviction for resisting a search.

<u>Id.</u> at 95 (emphasis in original). In this case, Alexander necessarily asserts that the deputies had no probable cause to support his arrest on charges of aggravated assault and battery of police officers. Yet, he was convicted of these very same offenses upon his guilty plea. Thus, his Section 1983 claim in the instant case necessarily implies the

invalidity of his conviction and sentence under <u>Heck</u>, and that conviction and sentence has <u>not</u> been set aside.

Similarly, Alexander's claim of excessive force in this court must also fail because it too necessarily impugns plaintiff's criminal conviction for aggravated assault and battery against police officers. Because Alexander's conviction still stands and has not been set aside in any of the ways set out in <u>Heck</u>, plaintiff's excessive force claim is effectively barred by <u>Heck</u>.

Alexander's claims in this case stem from his allegation that the facts underlying his guilty plea are incorrect. He now contends that he agreed to plead guilty to aggravated assault and battery on the police officers because he has a family and was allowed to go home after receiving credit for time served. However, the only material fact is that plaintiff pled guilty to aggravated assault and battery on the police officers. Thus, it is implicit in plaintiff's guilty plea that he committed assault and battery against the police officers. That fact is established by plaintiff's conviction and cannot be disputed in this civil action in this court under <u>Heck</u>. The place for Alexander to have challenged the facts concerning his guilty plea was in the state court and during his criminal proceedings.

In a case presenting a claim similar to the one asserted by Alexander in this case, the Fifth Circuit held that

> an excessive force claim under section 1983 is barred [by <u>Heck</u>] as a matter of law if brought by an individual convicted of aggravated assault related to the same events. In the case at bar, the jury found Hainze guilty of aggravated assault with a deadly weapon. Thus, as in <u>Sappington [v. Bartee]</u>, the <u>force used by the deputies to restrain Hainze, up to and including deadly force, cannot be deemed excessive</u>.

<u>Hainze v. Richards</u>, 207 F.3d 795, 798-99 (5th Cir. 2000) (citing <u>Sappington v. Bartee</u>, 195 F.3d 234, 237 (5th Cir. 1999)) (emphasis added).

Similarly, in <u>Hudson v. Hughes</u>, 98 F.3d 868 (5th Cir. 1996), the court found:

> Hudson was arrested and convicted of battery of an officer. In Louisiana, self-defense is a justification defense to the crime of battery of an officer. To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. Because self-defense is a justification defense to the crime of battery of an officer, Hudson's claim that [the] Officers . . . used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question <u>whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction</u>.

<u>Id.</u> at 873 (citations omitted) (emphasis added).

14

The instant case is similar to these Fifth Circuit cases. By virtue of his guilty plea and conviction, it is undisputed that Alexander committed aggravated assault and battery on the police officers. Under the Fifth Circuit rulings cited above, Alexander's claim that the officers used excessive force necessarily implies the invalidity of plaintiff's guilty plea and conviction for his own use of force and is barred by Heck.

Plaintiff's claims are clearly connected to the validity of his conviction and present confinement. Heck, 512 U.S. at 479; Arnold v. Town of Slaughter, No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. June 14, 2004); Hainze, 207 F.3d at 799; Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). However, his conviction has not been set aside in any of the ways described in Heck. Thus, any claims of false arrest or excessive force in violation of Section 1983 are premature and must be dismissed, until such time, if ever, that his criminal convictions are set aside. As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2), or under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Houma, Louisiana, this _5th_ day of October, 2005.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE